**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** **Case No. 6:25-cv-2284-GAP-LHP**

**v.**

**Approximately 4,110,000 USDT previously associated with the following unhosted virtual currency address on the Ethereum blockchain: 0xcb567e89ac29ffb7adb85e8b4b8e7d7b14302f26,**

**Defendant.**

**UNITED STATES' UNCONTESTED**
**MOTION FOR DEFAULT OF FORFEITURE**

The United States moves the Court, pursuant to 18 U.S.C. §§ 981(a)(1)(C), and 981(a)(1)(A), for a Default Judgment for approximately 4,110,000 USDT previously associated with the following unhosted virtual currency address on the Ethereum blockchain: 0xcb567e89ac29ffb7adb85e8b4b8e7d7b14302f26 (the Defendant Funds). The United States has properly served notice on all interested parties, and no claims have been filed or made in this action. No parties have appeared to contest the action, and the requisite time periods in which to do so as set forth in 18 U.S.C. § 983(a)(4)(A) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired. In support thereof, the United States submits the following.

# MEMORANDUM OF LAW

## I. Statement of the Facts

1. On November 26, 2025, the United States filed its Verified Complaint for Forfeiture *In* Rem, seeking forfeiture of the Defendant Funds. Doc. 1. This case is a civil action in rem to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(A), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Defendant Funds on the grounds that the funds constituted proceeds of a wire fraud scheme, in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in money laundering offenses, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). *Id.*

## II. Potential Interest in the Defendant Funds Sought for Forfeiture

2. As set forth below, in compliance with Rule G(4), the United States provided proper notice of this action to all known and unknown parties with a potential interest in the Defendant Funds.

### A. Known Party with a Potential Interest in the Defendant Funds

3. The only known party with a potential interest in the Defendant Funds is XM Defi. As explained below, in accordance with Rule G(4)(b), documents providing notice of this forfeiture action were sent to XM Defi via email to support@xmdefiltd.com. Doc. 11, Exhibit A at ¶ 4 and 5. The notice package included a Notice of Complaint for Forfeiture, Verified Complaint for Forfeiture *In Rem*, Notice of a Related Action, Rule 3.03 Disclosure Statement, Notice of Lead

Counsel Designation, Initial Case Order, Warrant of Arrest *In Rem*, and Acknowledgment of Receipt of Notice of Complaint for Forfeiture (the Notice Package).

4. On January 8, 2026, notice was sent to XM Defi, via email to support@xmdefiltd.com as evidenced by the email and attached Notice Package. *See* Doc. 11, Exhibit A1. The email was not returned for any type of delivery failure or an invalid address. Despite proper notice, XM Defi failed to file a claim for the Defendant Funds. *Id. at* Exhibit A at ¶4, Declaration of Paralegal Specialist Kelly Lake.

5. The Notice Package advised that, in order to avoid forfeiture of the Defendant Funds, any person who asserts an interest in the Defendant Funds was required to file a verified claim within 35 days of the notice date with the Office of the Clerk, United States District Court, Middle District of Florida. The Notice set forth the requirements for the verified claim pursuant to Rule G(5)(a) and advised that "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint."

6. The claim deadline for XM Defi was on or before February 12, 2026. Despite proper notice, XM Defi did not file a timely claim for the Defendant Funds, and the time to do so has now expired.

**B. Unknown Parties**

7. The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from December 3, 2025, through and including January 1, 2026, as required by Rule G(4)(a)(i) & (iv)(C)(3), as evidenced by the Declaration of Publication filed with this Court. Doc. 10. Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before February 2, 2025. *Id.*

8. The time to file a claim or otherwise contest the forfeiture has expired, and no claims have been filed.[1]

**II. Legal Argument**

Based on the facts, which are more fully set forth in the Verified Complaint i*n Rem*, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(A), and Supplemental Rule G. Doc. 1. The Defendant Funds were seized on the grounds that the funds constituted proceeds of a wire fraud scheme, in violation of 18 U.S.C. §§ 1343 and 1349, and property

[1] As the victims have been made aware, once the judgment is entered, pursuant to Department of Justice Policy, the United States Attorney's Office, Middle District of Florida, will request permission from the Department of Justice's Money Laundering, Narcotics, and Forfeiture Section to restore the Defendant Funds to the victims in accordance with the remission procedures outlined in 28 C.F.R. § 9 to restore forfeited funds to crime victims.

involved in money laundering offenses, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). *Id*.

Rule G(4)(b)(iii) provides that the government must send notice of a forfeiture action to potential claimants "by means reasonably calculated to reach the potential claimant." First-Class mail is generally accepted as a reliable means of service. *See* Fed. R. Civ. P. 4(d)(1)(G) (referring to "first class mail or other reliable means"). As outlined in the Declaration of Paralegal Specialist, Kelly Lake, the United States sent notice of these proceedings to the only known party with a potential interest in the Defendant Funds via email, and the email was not returned for any type of delivery failure or an invalid address, and no response was received by XM Defi. *Id* at Exhibit A. Accordingly, the United States maintains that it has sent proper notice of these proceedings to the known potential claimants. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006) (reasonable notice requires only that the United States attempt to provide actual notice, it does not require that the United States demonstrate that it was successful in providing actual notice); *Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (same).

Pursuant to Rule G(5)(a) & (b), any claimant to the Defendant Funds is required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official Government website. The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court. No person or entity has

filed either a claim or an answer to the complaint for forfeiture or has otherwise appeared or answered in this regard, and the time to do so has expired.

Upon information and belief, no person or entity thought to have an interest in the Defendant Funds is an infant, incompetent, or presently engaged in military service. *See* Ex. A at ¶7.

## III. Conclusion

The United States requests that, pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, the Court enter a Default Judgment, forfeiting to the United States all right, title, and interest in the Defendant Funds, which shall vest clear title to the property in the United States of America.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
Email: Jennifer.Harrington2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filing was sent by United States to the following non-CM/ECF participants via email:

XM Defi
support@xmdefiltd.com

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney